# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

PAUL THOMAS BALDWIN JR.,

        Defendant.

Case No. 3:23-cr-00005-SLG-KFR

## ORDER ON REPORT AND RECOMMENDATION ON MOTION TO SUPPRESS

Before the Court at Docket 60 is Defendant Paul Thomas Baldwin Jr.'s Motion to Suppress. The Government responded in opposition at Docket 66-2. The motion was referred to the Honorable Magistrate Judge Kyle F. Reardon. After holding an evidentiary hearing, Judge Reardon issued his Report and Recommendation at Docket 87, in which he recommended that the Motion to Suppress be denied. Defendant filed objections to the Report and Recommendation at Docket 91. The Government did not reply.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] A court is

---

[1] 28 U.S.C. § 636(b)(1).

to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[2]

## BACKGROUND

As relevant here, Defendant moves to suppress evidence seized pursuant to a search warrant from a Crown Victoria because, in his view, the warrant is overbroad, unsupported by probable cause, and the good faith exception does not apply.[3]  Defendant also seeks the suppression of evidence seized from a Best Western hotel room.[4]  He maintains that the warrantless use of his hotel key to enter the hotel room was unconstitutional and no exigent circumstances existed to justify the warrantless search.[5]  Further, even though the Government subsequently obtained a search warrant for the hotel room, Defendant contends that the search warrant "may be tainted by prior illegalities."[6]

The Government responds that the affidavit supporting the search warrant for the Crown Victoria established probable cause for the crime of resisting under Anchorage Municipal Code 8.30.010(a)(3) and the crime of eluding as the vehicle had an eluding locate designation from nine days prior.[7]  In the Government's view,

---

[2] *Id.*

[3] Docket 60 at 12.

[4] Docket 60 at 18.

[5] Docket 60 at 18-20.

[6] Docket 60 at 20.

[7] Docket 66-2 at 10-11; Docket 87 at 2; Docket 60-1 at 9.

Case No. 3:23-cr-00005-SLG-KFR, *USA v. Baldwin*
Order on Report and Recommendation
Page 2 of 7

Case 3:23-cr-00005-SLG-KFR     Document 92     Filed 06/04/25     Page 2 of 7

the items listed in the search warrant for the Crown Victoria— items of identification or ownership of the vehicle, firearms, and cell phones—"are all reasonably related to the crimes of resisting and eluding" as "[t]hese types of items would shed light on who is tied to the vehicle to know who committed the eluding, or provide evidence of why someone might have fled the scene to avoid police contact."[8] As to the search of the hotel room, the Government contends that Defendant lacks standing to challenge the search because the hotel room had been rented by another person.[9] The Government further maintains that it was not unreasonable for officers to enter the hotel room to secure the room and ensure that it was unoccupied before obtaining a search warrant.[10] The Government also contends that the information contained in the search warrant application was obtained prior to officers' entry into the hotel room and therefore was based on independent evidence.[11] As to both searches, the Government maintains that the good faith exception applies and exclusion of the seized evidence is not warranted.[12]

On February 4, 2025, Judge Reardon held an evidentiary hearing solely as to another search that Defendant challenged in his motion to suppress; however,

---

[8] Docket 66-2 at 12.

[9] Docket 66-2 at 15-16.

[10] Docket 66-2 at 16-17 (citing *Segura v. United States*, 468 U.S. 796, 810 (1984)).

[11] Docket 66-2 at 17-18.

[12] Docket 66-2 at 20-22 (citing *United States v. Leon*, 468 U.S. 897 (1984)).

Case No. 3:23-cr-00005-SLG-KFR, *USA v. Baldwin*
Order on Report and Recommendation
Page 3 of 7

Case 3:23-cr-00005-SLG-KFR    Document 92    Filed 06/04/25    Page 3 of 7

Defendant does not object to Judge Reardon's recommendation that suppression is not warranted of the evidence seized during that search.[13]

On April 28, 2025, Judge Reardon issued a Report and Recommendation recommending that the Court deny Defendant's motion to suppress.[14] Regarding the search warrant for the Crown Victoria, Judge Reardon concluded that the officer's affidavit was sufficient to support a finding of probable cause to search the Crown Victoria for evidence of eluding and resisting.[15] Judge Reardon also concluded that even if the search warrant for the Crown Victoria lacked probable cause, the good faith exception would apply because "[a]lthough the affidavit was not particularly detailed, it set forth a plausible theory that the specified evidence of resisting or eluding might be found inside the Crown Victoria" and a "reasonable officer would have been justified in believing they were acting in good faith in executing the warrant."[16] As to the search of the hotel room, Judge Reardon concluded that Defendant had not met his burden to establish his standing to challenge the search of the hotel room.[17] Even if Defendant had shown standing,

---

[13] Docket 74; Docket 70; Docket 77 (Tr.). After the hearing, the parties filed supplemental briefs. Dockets 81, 82.

[14] Docket 87 at 1. Because Defendant does not objection to the Magistrate Judge's conclusion that the search of the North Flower apartment did not run afoul of the Fourth Amendment, the Court adopts the Report and Recommendation as to the search of the North Flower apartment in full, agrees with Judge Reardon's conclusion, and denies Defendant's motion to suppress evidence seized during that search. Docket 87 at 17-21.

[15] Docket 87 at 11-13.

[16] Docket 87 at 17.

[17] Docket 87 at 23-24.

Case No. 3:23-cr-00005-SLG-KFR, *USA v. Baldwin*
Order on Report and Recommendation
Page 4 of 7

Case 3:23-cr-00005-SLG-KFR    Document 92    Filed 06/04/25    Page 4 of 7

Judge Reardon concluded that "regardless of whether the initial warrantless entry and seizure were permissible under the circumstances, the independent source doctrine applies because the challenged evidence was obtained pursuant to a valid search warrant."[18]  The Court now considers de novo Defendant's objections to Judge Reardon's Report and Recommendation.

## DISCUSSION

Defendant makes one objection to the report's factual findings; he objects to the finding that "the man appeared to be about to get into the Crown Victoria" and that "[t]he man quickly closed the door of the Crown Victoria and started walking back toward the residence" after the officer pulled into the driveway and activated his overhead lights.[19]  In Defendant's view, the record shows that when the officer pulled in and activated his lights, "[t]he male had *already* closed the vehicle door and *was* walking away."[20]  Both the Magistrate Judge and Defendant rely on the officer's report recounting the incident.  The Court will consider the language in the report verbatim: that the officer observed Defendant "through the trees and it appeared he was putting stuff into the vehicle about to get in it.  I pulled in and initiated my overhead lights.  The male had already closed the vehicle door

---

[18] Docket 87 at 25.

[19] Docket 91 at 1 (quoting Docket 87 at 2).

[20] Docket 91 at 2 (emphasis in original) (quoting Docket 60-1 at 9).

Case No. 3:23-cr-00005-SLG-KFR, *USA v. Baldwin*
Order on Report and Recommendation
Page 5 of 7

and was walking away."[21]  With this addition, the Court adopts the entirety of the Report and Recommendation's factual findings.

Defendant next objects to Judge Reardon's conclusion that the affidavit for the search warrant for the Crown Victoria established probable cause to search for evidence of eluding and resisting.[22]  But Defendant does not object to Judge Reardon's finding that, even if the affidavit did not provide probable cause, the good faith exception would apply.  Upon de novo review, the Court agrees with Judge Reardon's analysis that the good faith exception would apply to the officer's reliance on the search warrant of the Crown Victoria because reliance on the warrant was objectively reasonable.

Defendant also objects to Judge Reardon's conclusion that Defendant lacked standing to challenge the search of the hotel room.[23]  But Defendant does not object to Judge Reardon's alternative conclusion that, if Defendant had standing, the independent source doctrine applies and therefore suppression of the evidence seized from the hotel room is not warranted.  Upon de novo review, the Court agrees with Judge Reardon's analysis on the independent source doctrine and adopts his recommendation that the independent source doctrine applies to the evidence seized from the hotel room.

---

[21] Docket 60-1 at 9.

[22] Docket 91 at 2

[23] Docket 91 at 3.

Case No. 3:23-cr-00005-SLG-KFR, *USA v. Baldwin*
Order on Report and Recommendation
Page 6 of 7

Case 3:23-cr-00005-SLG-KFR    Document 92    Filed 06/04/25    Page 6 of 7

For the foregoing reasons, the Report and Recommendation at Docket 87 is ADOPTED in its entirety.  The Court DENIES Defendant's Motion to Suppress at Docket 60.

DATED this 4th day of June 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cr-00005-SLG-KFR, *USA v. Baldwin*
Order on Report and Recommendation
Page 7 of 7

Case 3:23-cr-00005-SLG-KFR     Document 92     Filed 06/04/25     Page 7 of 7