# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>PAUL THOMAS BALDWIN JR.,<br><br>    Defendant. | Case No. 3:23-cr-00005-SLG-KFR |

### ORDER ON MOTION TO SEVER COUNTS

Before the Court at Docket 93 is Defendant Paul Thomas Baldwin Jr.'s Motion to Sever Counts. The Government responded in opposition at Docket 98. Oral argument was not requested and was not necessary to the Court's determination. For the reasons explained below, Defendant's Motion to Sever Counts is denied.

### BACKGROUND

By a superseding indictment, Defendant is charged with controlled substance and firearm offenses, an enhanced penalties allegation, and two criminal forfeiture allegations.[1] The specific counts are as follows:

### COUNT 1

Between on or about September 14, 2022, and September 15, 2022, within the District of Alaska, the defendant, PAUL THOMAS BALDWIN JR., did knowingly possess controlled substances with

---

[1] Docket 18 at 1-6.

intent to distribute, to wit: 40 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1–(2–phenylethyl)-4-piperidinyl] propenamide (Fentanyl), and 100 grams and more of a mixture and substance containing a detectable amount of heroin.

All of which is in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).

## COUNT 2

Between on or about March 22, 2023, and April 21, 2023, within the District of Alaska, the defendant, PAUL THOMAS BALDWIN JR., did knowingly possess controlled substances with intent to distribute, to wit: 50 grams and more of methamphetamine (actual), 40 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1–(2–phenylethyl)-4-piperidinyl] propenamide (Fentanyl), and 100 grams and more of a mixture and substance containing a detectable amount of heroin.

All of which is in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and (B).

## COUNT 3

On or about September 6, 2022, within the District of Alaska, the defendant, PAUL THOMAS BALDWIN JR., knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, firearm and ammunition to wit:

(1) Ruger, Model: Ruger-5.7, Caliber: 5.7 x 28mm Pistol.

All of which is in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

## COUNT 4

On or about September 14, 2022, within the District of Alaska, the defendant, PAUL THOMAS BALDWIN JR., knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, firearm and ammunition to wit:

Case No. 3:23-cr-00005-SLG-KFR, *United States v. Baldwin*
Order on Defendant's Motion to Sever Counts
Page 2 of 8
Case 3:23-cr-00005-SLG-KFR   Document 99   Filed 07/28/25   Page 2 of 8

(1) Glock, Model: 23, Caliber: .357 Pistol.

All of which is in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).[2]

Defendant moves to sever each of the four counts from one another under Federal Rules of Civil Procedure 8 and 14 "because of misjoinder in the indictment and the prejudicial effect of joining the counts for trial."[3] The Government responds that "Rule 8(a) allows the joinder of offenses that 'are of the same or similar character' or are 'connected with or constitute part of a common scheme or plan,'" and that "the Defendant fails to demonstrate that joinder of these counts will create manifest prejudice as to outweigh the judicial economy of severing each count for a separate trial."[4]

## LEGAL STANDARD

Federal Rule of Criminal Procedure 8(a) provides that

> the indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

---

[2] Docket 18 at 2-3.

[3] Docket 93 at 1, 10.

[4] Docket 98 at 2.

Case No. 3:23-cr-00005-SLG-KFR, *United States v. Baldwin*
Order on Defendant's Motion to Sever Counts
Page 3 of 8
Case 3:23-cr-00005-SLG-KFR   Document 99   Filed 07/28/25   Page 3 of 8

Rule 8 is broadly construed in favor of joinder.[5] "In determining whether joinder is proper, the district court should examine only those allegations in the indictment."[6]

The Ninth Circuit, in *United States v. Jawara*, set out factors that courts should consider "in assessing whether an indictment meets the 'same or similar character' prong of Rule 8(a)": "the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims."[7] "The weight given to a particular factor will depend on the specific context of the case and the allegations in the indictment. But the bottom line is that the similar character of the joined offenses should be ascertainable--either readily apparent or reasonably inferred--from the face of the indictment."[8] "[W]here the government seeks joinder of counts on the basis of 'same or similar character,' it crafts a barebones indictment at its own risk," and "[c]ourts should not have to engage in inferential gymnastics or resort to implausible levels of abstraction to divine similarity."[9]

---

[5] *United States v. Jawara*, 474 F.3d 565, 573 (9th Cir. 2007).

[6] *United States v. Rousseau*, 257 F.3d 925, 931 (9th Cir. 2001).

[7] *Jawara*, 474 F.3d at 578.

[8] *Jawara*, 474 F.3d at 578.

[9] *Jawara*, 474 F.3d at 578.

Case No. 3:23-cr-00005-SLG-KFR, *United States v. Baldwin*
Order on Defendant's Motion to Sever Counts
Page 4 of 8
Case 3:23-cr-00005-SLG-KFR    Document 99    Filed 07/28/25    Page 4 of 8

Regarding a common plan or scheme, "courts generally permit joinder under this test where the counts 'grow out of related transactions.'"[10]  "Stated another way, [courts] ask whether '[c]ommission of one of the offenses []either depended upon []or necessarily led to the commission of the other; proof of the one act [] either constituted []or depended upon proof of the other.'"[11]

Under Federal Rule of Criminal Procedure 14(a), "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

## DISCUSSION

For each count, the indictment sets forth a date of the alleged offense, that the offense occurred in the District of Alaska, that Defendant possessed either controlled substances or a firearm, and the relevant criminal statute.  Consistent with *Jawara*, to determine whether the counts are of the same or similar character, the Court considers the statutory elements.  Counts 1 and 2 are brought under the same statute—21 U.S.C. § 841—and Counts 3 and 4 are brought under the same statute—18 U.S.C. § 922(g)(1).  But the statutory elements of 21 U.S.C. § 841 and 18 U.S.C. § 922(g)(1) do not overlap and are not similar.  As to the *Jawara* factor of temporal proximity, Counts 1, 3 and 4 are based on alleged conduct that

---

[10] *Jawara*, 474 F.3d at 573 (citing *United States v. Randazzo*, 80 F.3d 623, 627 (1st Cir. 1996)).

[11] *Id.* (alterations except first in original) (quoting *United States v. Halper*, 590 F.2d 422, 429 (2d Cir. 1978)).

Case No. 3:23-cr-00005-SLG-KFR, *United States v. Baldwin*
Order on Defendant's Motion to Sever Counts
Page 5 of 8
Case 3:23-cr-00005-SLG-KFR    Document 99    Filed 07/28/25    Page 5 of 8

occurred during a span of one week, and the conduct underlying Counts 1 and 4 allegedly occurred on the same day. But Count 2 allegedly occurred six months later. Next, regarding the *Jawara* factor of any evidentiary overlap, Count 1 and Count 4 allegedly occurred on the same day, suggesting that the drugs and the gun were discovered at the same time or during the same investigation. As to the physical location factor, all four counts in the indictment occurred in the District of Alaska. The Court cannot discern a modus operandi or any victims from the face of the indictment. Upon consideration of the *Jawara* factors, the Court finds that it is not "readily apparent or reasonably inferred--from the face of the indictment" that joinder of all four counts under Rule 8 under the same or similar character prong is proper, largely because the indictment contains both drug and gun charges arising under different statutes.[12]

However, it is apparent from the face of the indictment that all four counts are parts of a common plan or scheme because the Court can infer that the drug and gun charges "[grew] out of related transactions."[13] The Court agrees with the Government that "[t]he overlap of the elements and types of drugs alleged for the

---

[12] *Jawara*, 474 F.3d at 578. Unlike in this case, the cases the Government relies on involved the joinder of counts arising under the same statutes without additional counts under different statutes. Docket 98 at 9-10 (first citing *United States v. Drummondo-Farias*, 622 F. App'x 616, 617-18 (9th Cir. 2015) (joinder of conspiracy to distribute and possession with intent to distribute methamphetamine); then citing *United States v. Akana*, 210 F. App'x 681, 682 (9th Cir. 2006) (joinder of four counts of possession of a controlled substance with intent to distribute); and then citing *United States v. Rousseau*, 257 F.3d 925, 932 (9th Cir. 2001) (joinder of two counts of felon in possession of a firearm).

[13] *Jawara*, 474 F.3d at 573.

Case No. 3:23-cr-00005-SLG-KFR, *United States v. Baldwin*
Order on Defendant's Motion to Sever Counts
Page 6 of 8
Case 3:23-cr-00005-SLG-KFR    Document 99    Filed 07/28/25    Page 6 of 8

controlled substance violations combined with the temporal proximity indicate Baldwin was engaged in a common scheme or plan, i.e. distribution of controlled substances within Alaska" and "[t]he combination of possessing two pistols within a week of each other in Alaska, the second in conjunction with a count alleging controlled substance violations, also shows the counts are logically related."[14] As such, the Court finds that joinder of all counts in the indictment was proper under Rule 8.[15]

As to whether prejudice will result from trial on the joined offenses and any appropriate remedy under Rule 14, the Ninth Circuit has acknowledged that "trying a felon in possession count together with other felony charges creates a very dangerous situation because the jury might improperly consider the evidence of a prior conviction when deliberating about the other felony charges, i.e. convict the defendant because he is a 'bad guy.'"[16] The Ninth Circuit "consistently relie[s] upon two factors in determining whether a defendant has been prejudiced by the consolidation of a felon in possession charge with other, unrelated felon charges: the strength of the evidence against the defendant and the nature and efficacy of

---

[14] Docket 98 at 11.

[15] *See United States v. Johnson*, 462 F.3d 815, 822 (8th Cir. 2006) (affirming denial of motion to sever drug and firearm counts because "[t]he [district] court found that Johnson's firearms possession could be linked to his need to protect his ongoing distribution of illegal drugs . . . [and] [t]he firearms offense occurred between two narcotics offenses within a five-month period" and reasoning that "[w]hile the connection between Johnson's drug trafficking and his weapons offenses is not particularly strong, the charges are connected temporally and logically, and the district court found them to be part of a common scheme or plan").

[16] *United States v. Nguyen*, 88 F.3d 812, 815 (9th Cir. 1996).

Case No. 3:23-cr-00005-SLG-KFR, *United States v. Baldwin*
Order on Defendant's Motion to Sever Counts
Page 7 of 8
Case 3:23-cr-00005-SLG-KFR    Document 99    Filed 07/28/25    Page 7 of 8

the methods employed to guard against prejudice."[17]  To avoid prejudice, "severance or bifurcation is . . . preferred . . . ."[18]

Therefore, the Court will conduct trial in phases to guard against any prejudice to Defendant during trial on all four counts in the indictment.[19]  The first phase will try Counts 1 and 2, the drug counts.  After the jury has returned a verdict on Counts 1 and 2, the second phase of trial will commence before the same jury on Counts 3 and 4.[20]

For the foregoing reasons, the Court DENIES Defendant's Motion to Sever Counts at Docket 93.  However, the trial in this case will be bifurcated as set forth above to remedy any prejudice to Defendant.

DATED this 28th day of July, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[17] *Id.* at 816-17.

[18] *Id.* at 818.

[19] *United States v. Jones*, 123 F. App'x 773, 776 (9th Cir. 2005) ("Under *Nguyen*, the district court properly safeguarded Jones' right to an impartial jury by bifurcating the counts (with the felon in possession charge being tried after the cocaine possession charge), excluding evidence of the firearm from the drug possession trial, excluding evidence of the cocaine from the firearm trial, and giving appropriate limiting instructions. We conclude that the district court did not abuse its discretion in denying Jones' motion to sever, and instead in bifurcating the proceedings.").

[20] Because it is outside the scope of Defendant's motion, this order does not address whether a third phase of trial on the Government's enhanced penalties allegation is required.  Docket 18 at 3-4.

Case No. 3:23-cr-00005-SLG-KFR, *United States v. Baldwin*
Order on Defendant's Motion to Sever Counts
Page 8 of 8
Case 3:23-cr-00005-SLG-KFR    Document 99    Filed 07/28/25    Page 8 of 8